GLOVER *v.* PATTON *et ux.*

When a sheriff, under a common-law judgment, lawfully sold property, expressly announcing that it was sold subject to the lien of a senior unforeclosed mortgage, the title of the defendant in execution was completely divested and the purchaser took subject to the mortgage lien. The subsequent satisfaction of that lien by the defendant in execution, or by another at his instance, would, in the absence of any fraud or collusion between him and such purchaser, operate to the benefit of the latter, and would not have the effect of revesting the legal title in the defendant in execution, so as to render the property subject to levy and sale under another judgment against him.

Argued February 23, — Decided April 1, 1898.

Equitable petition. Before Judge Henry. Floyd superior court. May 14, 1897.

*Henry Walker,* for plaintiff. *Dean & Dean,* for defendants.

LUMPKIN, P. J. The petition of John A. Glover against J. B. Patton and his wife, Laura J. Patton, was dismissed on demurrer, and the plaintiff excepted. The petition made substantially the following case : Patton, being largely indebted to one Buttorff, executed and delivered to the latter a promissory note and secured the same by a mortgage upon realty, including a lot in the city of Rome, it being the premises now in dispute. Subsequently, Jones & Cannon obtained against Patton a judgment in a justice's court, which was assigned to Jack King, who caused the above-mentioned lot to be levied on and sold thereunder. At the sale, which occurred on the first Tuesday in March, 1891, the sheriff gave notice of the existence of the Buttorff mortgage, which had not been foreclosed, and announced that he was selling the lot subject to the lien of that mortgage. The property was bid off by an agent of Laura J. Patton, and the sheriff made a deed conveying the property to her. In June, 1896, as a result of a transaction between Buttorff and a son of J. B. Patton, the mortgage was satisfied, though the record thereof was not canceled, and Buttorff gave to Patton a receipt in full "for every obligation of every nature and kind" held by the former against the latter. In December, 1895, another creditor of Patton obtained a judgment

against him.   An execution issued thereon was, on October 9, 1896, levied upon the lot in dispute as his property, and at a sale under this execution, which was had November 3, 1896, the plaintiff became the purchaser.   The petition prayed for the cancelation of the sheriff's deed to Laura J. Patton, and for the recovery of the premises, with mesne profits.   It is proper to add that while it is inferable from the allegations of the petition, taken as a whole, that the settlement between Buttorff and Patton's son, which resulted in the satisfaction of the former's mortgage, was had at the instance of J. B. Patton, it is nowhere alleged that there was any fraud or collusion between Patton and his wife with reference to her purchase of the lot at the first sheriff's sale, or that this transaction was a mere colorable one whereby it was intended to conceal an actual purchase made by the husband by having the sheriff's deed executed to the wife.

In our judgment, the court was right in dismissing the petition.   It failed to set forth a cause of action.   So far as can be gathered from all the facts alleged, Mrs. Patton acquired a perfect legal title to the lot, subject only to the lien of the Buttorff mortgage.   All the interest of J. B. Patton in the property was divested by that sale.   Prior thereto, he held the legal title subject to the mortgage lien, and the purchaser therefore acquired his title, subject to this encumbrance.   Under the law of this State, this mortgage did not pass title to the mortgagee. It was the right of Mrs. Patton to satisfy the mortgage and relieve her property of its lien.   If another person for any reason was induced to pay off the mortgage, his so doing would operate to her benefit and not to that of her husband, provided, of course, she was not concerned in any fraudulent scheme whereby she became merely the nominal, when in fact he was the real, owner of the property.   As before stated, there was no allegation in the petition even suggesting the existence of any such fraudulent scheme.   It follows that Glover acquired nothing by his purchase at the last sheriff's sale.

*Judgment affirmed.   All concurring, except Cobb, J., absent.*